IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jorge L. Lerma-Duenas,                    )        C/A No.: 0:13-1076-RBH-PJG
                                          )
                      Petitioner,         )
                                          )
        vs.                               )        **REPORT AND RECOMMENDATION**
                                          )
Kenny Atkinson,                           )
                                          )
                      Respondent.         )
_____ )

      The petitioner, Jorge L. Lerma-Duenas ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution Edgefield ("FCI Edgefield"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## I.    Factual and Procedural Background

      The petition indicates that "Mexico approved Petitioner's extradition to the United states on June 14, 2011 . . . to answer charges of Robbery, Extortion and Kidnapping brought by the United States District Court for the Southern District of California." (ECF No. 1 at 1–2.) Petitioner entered a guilty plea to extortion and the district court sentenced Petitioner to thirty-seven months of imprisonment. (Id. at 2.) As a result of the guilty plea, Petitioner was charged with a supervised release violation, to which Petitioner also admitted guilt on January 27, 2012. (Id.) Petitioner received a consecutive sixteen-month sentence for the supervised release violation. (Id.) Petitioner alleges that he "should not have been charged nor convicted of the supervised release violation because it is beyond the scope of the United States/Mexico Extradition Treaty under which [Petitioner] was extradited." (Id. at 2–3.) Petitioner further

alleges that his prosecution for a supervised release violation violates the "doctrine of specialty" as such an offense "is not one of the enumerated extraditable offenses delineated in the Appendix of the Extradition Agreement." (<u>Id.</u> at 3.) Petitioner alleges that he "has not previously appealed or otherwise collaterally attacked this conviction and sentence," and asks the court to vacate his supervised release conviction and "order his immediate release from custody." (<u>Id.</u> at 2, 4.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324–25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (en banc); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, <u>id.</u>; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. <u>Erickson</u>, 551 U.S. at 93 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007)).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. <u>See</u> Rule 1(b).



However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.   Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).   The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

       **1.     A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255**

The instant petition is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also Milnes v. Samples, No. 88-7584, 1988 WL 105445, at *3 (4th Cir. Sept. 22, 1988) (challenge to supervised release revocation must be brought in the sentencing court under § 2255.   Prior to the enactment of 28 U.S.C. § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).   However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be

addressed more efficiently.'" In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman, 124 F.3d at 373); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (collecting cases). "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy," and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." Rice v. Lamanna, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (quotation omitted).   In this case, Petitioner seeks relief from his federal supervised release violation conviction and sentence.   Thus, the relief he requests is only available, if at all, under § 2255, unless that statute is shown to be inadequate and ineffective to test the legality of the Petitioner's detention. See In re Jones, 226 F.3d at 333.

> **2.     Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention**

As stated above, Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).   In this case, Petitioner states that he has not appealed or collaterally attacked the supervised release violation conviction.   (ECF No. 1 at 2.)   Petitioner's records in the United States District Court for the Southern District of California reflect that Petitioner also filed a § 2241 petition in that district on May 1, 2013, challenging the supervised release violation conviction and sentence.[2]

---

[2] The court may take judicial notice of factual information located in postings on government websites.   See McCormick v. Wright, C/A No. 2:10-cv-33-RBH, 2010 WL 565303, at *2



See <u>Jorge L. Lerma-Duenas v. Kenny Atkinson</u>, C/A No. 3:13-1045-LAB-KSC (S.D. Cal. May 1, 2013). The district court construed Petitioner's pleading as a motion under § 2255 and denied the motion as untimely in an order issued on May 17, 2013. <u>Id.</u> at ECF No. 3. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." <u>See</u> <u>In Re Vial</u>, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." <u>In re Jones</u>, 226 F.3d at 333−34. In the present case, Petitioner provides no facts to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Therefore, Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255.

### 3.    Petitioner's reliance on the doctrine of specialty is misplaced

The doctrine or principle of specialty prohibits a requesting nation from prosecuting an extradited prisoner for any offense other than that for which the surrendering nation agreed to

---

(D.S.C.  Feb. 17, 2010); <u>In re Katrina Canal Breaches Consolidated Litigation</u>, C/A No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (collecting cases); <u>Williams v. Long</u>, 585 F. Supp. 2d 679, 685–89 (D. Md. 2008).

extradite. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). Circuit courts are split regarding whether a criminal "defendant has standing to raise the issue of a violation of the principle of specialty." Id. at 186 (collecting cases). However, even assuming that Petitioner has standing to raise the principle of specialty, such an argument is waived if not first presented in the sentencing court. Id. at 187. In the present case, Petitioner entered a guilty plea to the supervised release violation offense and provides no indication that he raised the principle of specialty issue before the sentencing court. Therefore, Petitioner's principle of specialty argument must fail.[3] See United States v. Rudi, No. 10-4736, 2011 WL 5356349, at *2 (4th Cir. Nov. 8, 2011) (prisoner who entered a guilty plea and failed to raise the principle of specialty objection before the sentencing court waived "his reliance on the specialty doctrine" on appeal).

### 4.    Petitioner has not demonstrated exhaustion of administrative Remedies

Although § 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973) (requiring exhaustion in a § 2241 action); McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). In the instant case, the Complaint indicates that he has not exhausted his administrative remedies.

---

[3] The order denying Petitioner's § 2255 motion further indicates that revocation of supervised release does not count as a new prosecution for purposes of the doctrine of specialty. See Jorge L. Lerma-Duenas v. Kenny Atkinson, C/A No. 3:13-1045-LAB-KSC (S.D. Ca. May 1, 2013) (ECF No. 3 at 2) (citing United States v. Hollenbeck, No. 01-50530, 2002 WL 243360 (5th Cir. Jan. 23, 2002).



**III. Conclusion**

Accordingly, the courts recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 20, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).