IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jorge L. Lerma-Duenas, ) | Civil Action No.: 0:13-cv-01076-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kenny Atkinson, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Jorge L. Lerma-Duenas, a federal prisoner proceeding *pro se*, filed this petition under 28 U.S.C. § 2241, challenging the adjudication that he violated the terms of his supervised release and his sixteen-month sentence. The matter is now before the Court for review after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] The Magistrate Judge recommends that this Court summarily dismiss Petitioner's petition *without prejudice* because his claims are not cognizable in a § 2241 petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed a § 2241 petition in April 2013, challenging the adjudication that he violated the terms of his supervised release. Pet., ECF No. 1. Specifically, he alleges that the revocation was in violation of the doctrine of specialty because it was outside of the scope of his extradition from Mexico.[2] *Id.* at 3-4. The Magistrate Judge issued an R&R on June 21, 2013, recommending that the petition be dismissed. R&R, ECF No. 13. Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No. 16.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because the relevant facts were well-represented in the Magistrate Judge's R&R, they need not be repeated in this order.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice* because his challenge is not cognizable in a § 2241 petition. Specifically, the Magistrate Judge concludes (1) that Petitioner is required to challenge his sentence under 28 U.S.C. § 2255, (2) that Petitioner fails to demonstrate that § 2255 does not provide an "inadequate or ineffective" remedy, (3) that Petitioner's claim, regardless, is without merit, and (4) that Petitioner failed to exhaust his administrative remedies before filing his petition. R&R 3–6. In his objections, Petitioner argues (1)

that the Court has jurisdiction because he is being held in violation of a United States treaty, (2) that the sentencing court incorrectly ruled on a courtesy copy of his petition, (3) that the fact the doctrine of specialty was not raised to the sentencing court does preclude him from raising it because his counsel was ineffective, and (4) that his imprisonment "is an insult to the American/Mexican Extradition Treaty and a slap in the fact to every extradited Mexican citizen." Pet'r's Objs. 1–4.

Petitioner's objections, however, are meritless. As the Magistrate Judge noted in her R&R, challenges to revocations of supervised release must be raised to the sentencing court under § 2255. R&R 3 (citing *Milnes v. Samples*, 861 F.2d 265 (4th Cir. 1988) (table opinion)). Petitioner's sixteen-month sentence was imposed in the United States District Court for the Southern District of California, and, thus, Petitioner's petition is not properly before this Court. Furthermore, Petitioner makes no showing that § 2255 is an "inadequate or ineffective" remedy, which would entitle him to take advantage of the statute's savings clause. 28 U.S.C. § 2255(e). Accordingly, the Magistrate Judge's recommendation to dismiss Petitioner's petition *without prejudice* is proper, and Petitioner's objections are overruled.[3]

## CONCLUSION

The Court has thoroughly reviewed Petitioner's § 2241 petition, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's petition is **DISMISSED** *without prejudice* and without requiring Respondent to respond.

---

[3] Because this ruling is dispositive of Petitioner's petition, the Court need not address the remaining issues raised in the Magistrate Judge's R&R and the Petitioner's objections.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
October 11, 2013